UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH RENE LEEPER,

    Plaintiff,

v.                                                                         Case No: 8:17-cv-2169-T-36MAP

R. E. PIERSON, SPECIAL AGENT
SCROGGS, SPECIAL AGENT RIGGINS,
WILBERTO TORRES, JIM PHILLIPS,
NICHOLAS D. HERON, MUNICIPALITY
OF TAMPA FLORIDA, CRISSY
WRIGHT, DETECTIVE FITZGERALD,
ERIC WARD, DAVID GEE, MARGO
FERGUSON, MARK A. OBER,
UNKNOWN FEDERAL AGENTS AND
CITY/COUNTY OFFICERS and JANA
HAMPTON,

    Defendants.
_____/

# **ORDER**

This matter comes before the Court upon Plaintiff's objection to Magistrate Judge Mark Pizzo's Order (Doc. 5). In the Order, Magistrate Judge Pizzo dismissed her complaint, with leave to file an amended complaint, because it failed to satisfy the threshold demands of 28 U.S.C. § 1915. Thereafter, Plaintiff filed her objection to the Magistrate Judge's Order (Doc. 8). For the reasons that follow, Plaintiff's objection will be overruled.

**I.     BACKGROUND**

On September 19, 2017, *pro se* plaintiff Elizabeth Rene Leeper filed a Complaint and Motion for Leave to Proceed *in forma pauperis*. Docs. 1 and 2. Plaintiff filed her action against at least nineteen individual employees, ranging from federal investigators to the City of Tampa police chief, as well as the municipality of Tampa, Florida. Doc. 1. Plaintiff's numerous counts all appear

to stem from one event – an October 20, 2015, search of her residence. Plaintiff's forty-two page Complaint contains more than thirty-five causes of action[1] – civil rights claims for Fifth Amendment, Sixth Amendment, Fourteenth Amendment, and Fourth Amendment violations, claims for HIPAA violations, a conspiracy claim, a malicious prosecution claim, fraud and misrepresentation claims, reckless endangerment, a perjury claim, and various other tort claims. *Id.*

Magistrate Judge Pizzo found that Plaintiff's complaint was "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," making it a quintessential shotgun pleading that has been condemned by the Eleventh Circuit Court of Appeals citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (noting that shotgun pleading means "poorly drafted complaint"). Magistrate Judge Pizzo noted that it was unclear how Plaintiff derives dozens of causes of action from this single event, how one count differs from the next, and how each Defendant was involved in each count. He then held that Plaintiff's complaint was a shotgun pleading and it failed to comport with Fed. R. Civ. P. 8(a) which requires a pleading contain a "short and plain statement of the claim showing the pleader is entitled to relief." Ultimately, Magistrate Judge Pizzo granted Plaintiff leave to file an amended complaint to correct the errors.

## II. STANDARD OF REVIEW

A magistrate judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to

---

[1] Some causes of action appear to contain multiple claims (*e.g.*, count thirty-five contains claims for malicious prosecution, abuse of process, and violation of the Fourteenth Amendment) and are not sequentially numbered.

law."). The "clearly erroneous or contrary to law" standard is extremely deferential. *Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, 3:05-cv-850J99MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007). A finding is only clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

### III.  DISCUSSION

The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). The Eleventh Circuit thus has indicated that a shotgun pleading is an unacceptable form of pleading a claim for relief.

In her objections, Plaintiff argues that: (1) her Complaint states a short and plain statement of this Court's jurisdiction; (2) her Complaint states a short and plain statement of the claim under each cause of action; and (3) her Complaint states a claim for relief, and alternative relief. Doc. 18. All of Plaintiff's objections are without merit and will be overruled.

Despite Plaintiff's assertions to the contrary, her Complaint constitutes a shotgun pleading. The Complaint does not contain a short and plain statement of this Court's jurisdiction or statement of the claim under each cause of action. (Cause of action and/or Counts are stated multiple times). The Complaint contains allegations which are disorganized, confusing, and repetitive. Additionally, Plaintiff's Complaint fails to state a claim for relief and/or alternative relief in a clear manner against a specific defendant. As a result, the Complaint contains ambiguities which make

it impossible to determine against which, if any, of the separate Defendants, Plaintiff is bringing viable claims. The Complaint is disjointed and fails to put Defendants on fair notice of the claims against them. And the Court cannot determine whether any defenses exist against the claims under these circumstances. As such, it is clear that this *pro se*[2] Complaint is not only a quintessential shotgun pleading, it also does not provide the Defendants with fair notice of the claims against them.

As such, the Magistrate Judge's Order is due to be affirmed. The Complaint is due to be dismissed[3] with leave to file an amended complaint which conforms to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Specifically, the Amended Complaint must contain a short and plain statement, in numbered paragraphs, indicating why Plaintiff is entitled to relief, each claim must be limited to a single set of circumstances and each claim founded on a separate transaction or occurrence must be stated in a separate count or defense. *See* Rule 10, Fed. R. Civ. P. Each count should indicate against which Defendant or Defendants it is brought.

In sum, all of Plaintiff's objections (Doc. 8) will be overruled. The Order of the Magistrate Judge (Doc. 5) will be affirmed.

---

[2] The Tampa Chapter of the Federal Bar Association operates a Legal information Program on Tuesdays from 11:00 a.m. to 1:00 p.m. on the 2nd floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if space is available. More information about the program is available on the Court's website at www.flmd.uscourts.gov/pro_se/docs/prseLegal_Assist.htm under the right-side link "Proceeding Without A Lawyer."

[3] On October 30, 2017, Judge Pizzo issued another Report and Recommendation which recommended dismissal for her failure to file an amended complaint within the allotted time. Doc. 9.

Accordingly, it is hereby **ORDERED**:

1. The Order of the Magistrate Judge (Doc. 5) entered September 27, 2017, is **AFFIRMED**.

2. Plaintiff's objections (Doc. 8) are **OVERRULED**.

**DONE AND ORDERED** in Tampa, Florida on February 9, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any